# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>      v.<br><br>GERARDO ALANN FELIX GARAY, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00138 - AWI- JLT<br><br>ORDER APPOINTING ANITA ROJAS AS GUARDIAN AD LITEM FOR MINOR DEFENDANT B.J.C.<br><br>(Doc. 36) |

Anita Rojas seeks appointment as the guardian ad litem for defendant B.J.C, who is a minor. (Doc. 36). For the following reasons, the petition for the appointment of a guardian ad litem is **GRANTED**.

**I.      Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, the court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). The capacity of an individual to be sued is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Here, defendant B.J.C. resides in Kern County, California (Doc. 36 at 3), and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a guardian ad litem may be appointed to represent the minor's interests in a legal proceeding. Cal. Fam. Code §§ 6502, 6601; Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50. The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).

## II.     Discussion

Here, the parties report that B.J.C. is a minor as defined by California law and the child of defendant Anita Rojas. (Doc. 36 at 3.) Upon review of the Answer and First Amended Counterclaim, it does not appear there are adverse interests between Ms. Rojas and B.J.C. Therefore, there is no apparent impediment to Ms. Rojas being appointed guardian ad litem for B.J.C. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669 at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

## III.    Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). In this case, it does not appear Ms. Cox has interests that conflict with the interest of her children. Therefore, the Court is acting within its discretion to grant the petitions.

Accordingly, **IT IS HEREBY ORDERED**:

1. The petition for appointment of Anita Rojas as guardian ad litem for defendant B.J.C. (Doc. 36) is **GRANTED**; and
2. Anita Rojas is appointed to act as guardian ad litem for defendant B.J.C., and is

authorized to defendant Plaintiff's claims on his behalf, and prosecute their counterclaim on his behalf.

IT IS SO ORDERED.

Dated: **September 20, 2014**          **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE