UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GERARDO ALANN FELIX GARAY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-00138 - AWI- JLT<br><br>ORDER GRANTING MOTION TO FILE SECOND AMENDED COUNTERCLAIM; ORDER DENYING STIPULATION TO AMEND THE SCHEDULING ORDER WITHOUT PREJUDICE<br><br>(Doc. 45) |

I.   **Relevant Background**

In 2010, HFS was insured by Plaintiff via a vehicle policy and a commercial umbrella policy. (Doc. 1 at 4) In March 2010, HFS sold a pickup truck to JSA Company. *Id*. Soon thereafter, JSA principals changed their minds about the purchase and attempted to return the truck and rescind the sale. *Id*. HFS refused to do so and did not return the purchase price but agreed to keep the truck and sell it on JSA's behalf. *Id.* About 18 months later, HFS re-sold the truck to Vicente Trucking and received the purchase price which it gave to JSA. *Id*.

Vicente took possession of the truck and left it with Luis Garay who was to perform automotive work on it. (Doc. 1 at 4-5)   After the work was complete, Garay's son, Gerardo Alann Felix Garay, drove the truck to the home of the owner of Vicente Trucking. *Id*. at 5.   During the drive, he was involved in a collision with a car in which, Mary Rojas, Ruben Rojas and Brannon Jonah

1   Clayton were riding. *Id*. at 5. Ruben Rojas was killed and the others suffered significant injuries. *Id*.

2       The lawsuit related to the vehicle collision was filed by Mary Garcia Rojas and the survivors of
3   Ruben Rojas and on behalf of Brannon Jonah Clayton ("the Rojas parties") in the Kern County
4   Superior Court in November 15, 2011. (Doc. 1 at 5-6) Apparently, JSA was not named as a
5   defendant[1] or as a crossdefendant though Vicente Trucking and its principals were named.[2]

6       By the time this action was filed, the jury trial in the underlying matter in Superior Court had
7   completed with a verdict rendered in favor of the Rojas parties and against Gerardo Alann Felix
8   Garay. *Id*. at 7. By the time of the jury's verdict, the Rojas parties had dismissed the case without
9   prejudice against HFS. *Id.* However, before this occurred significant discovery had been conducted
10  related to the ownership of the pickup.[3] In addition, Nationwide and the Rojas parties had filed cross-
11  motions for summary judgment, both of which were denied, based upon the trial court's determination
12  there were disputes of fact precluding judgment.

13      Once HFS was dismissed, Nationwide stopped providing a defense in the matter and refused
14  the tender of defense and indemnity made on behalf of Garay. *Id*. at 6. In turn, Garay assigned to the
15  Rojas parties whatever assignable interest he had on his claim against Nationwide for breach of the
16  duty to defend and indemnify. *Id*. at 6-7. Here, Nationwide seeks a declaration that it had no duty to
17  defend or indemnify Garay and, therefore, has no liability to the Rojas parties. *Id*. at 10.

18      This action was filed on January 31, 2014. (Doc. 1) The Rojas parties filed their counterclaim
19  on April 3, 2014. (Doc. 16) In the counterclaim, the Rojas parties asserted a claim for breach of the
20  implied covenant and breach of contract related to the failure to defend and indemnify Garay. (Doc. 16
21  at 8-11) On July 11, 2014, the Rojas parties filed their first amended counterclaim which added detail

---

[1] Indeed, the first amended counterclaim alleges that throughout the state court action, HFS took the position that it owned the vehicle at the time it was sold to Vicente. Thus,

[2] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th. Cir. 1980). Accordingly, the Court hereby takes judicial notice of the docket of the Kern County Superior Court.

[3] Counsel relayed this information as well as that contained in the following sentence, to the Court at the time of the scheduling conference on May 19, 2014 when explaining the expected content of the Rule 26 initial disclosures. Also, in particular, one attorney reported 12 depositions had been taken as to witnesses related to the ownership of the vehicle.

and clarification to their claims and prayer. (Doc. 31) As in its original counterclaim, the first amended counterclaim is limited to discussing Nationwide's liability as it pertains to its coverage of HFS and does not mention JSA. *Id.*

On January 15, 2015, the Rojas parties filed a motion to amend their counterclaim to name Peerless Insurance Company as a counterdefendant. (Doc. 42-1) In the proposed second amended counterclaim, the Rojas parties assert that Peerless provided coverage on the pickup truck through JSA. *Id.* at 9-10. Now, in essence, the counterclaim alleges alternatively: either Nationwide is liable because HFS did not transfer title before the collision or it properly transferred title to JSA and Peerless is liable.[4] *Id.*

On January 28, 2015, Plaintiff filed a notice of non-opposition. (Doc. 43) Notably, the deadline for filing any amendments to the pleadings was August 1, 2014.[5] (Doc. 25) The Rojas parties explain that the reason they were not able to do so was they did not learn until the Rule 30(b)(6) deposition of Walter Mortensen Insurance Agency that JSA had obtained insurance coverage from Peerless on the pickup truck. (Doc. 42 at 4-5) After this, counsel issued subpoenas to Peerless which provided details about the policy and, if JSA remained the owner of the vehicle at the time of the collision, seem to implicate coverage by Peerless. *Id.* As a result, the Rojas parties claim that Peerless is a necessary party to this litigation and Nationwide does not oppose the amendment to name Peerless.

**II.    Scheduling Orders**

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the

---

[4] Under this latter possibility, the Rojas' must claim that if JSA properly obtained title from HFS, JSA did not properly transfer title to Vicente.

[5] The Court recognizes that once counterplaintiffs learned of the possibility that Peerless provided coverage on the subject vehicle they acted diligently toward discovering this, they have failed to set forth why they delayed taking the deposition of Mr. Burcham of Walter Mortensen Insurance for five months after discovery began.

3

heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)).

In this case, the Court issued a scheduling order on May 19, 2014. (Doc. 25) At that time, the Court ordered all amendments to pleadings to be made, either via stipulation or motion to amend, no later than August 1, 2014. *Id*. at 3. Likewise, the parties were ordered to complete non-expert discovery by January 5, 2015 and expert discovery by February 2, 2015. *Id*. These dates were those proposed by the parties. (Doc. 23 at 17)

Due to a sudden, serious illness of a key witness from JSA Company, on November 19, 2014, the Court granted the stipulation to amend the scheduling order to extend deadlines for non-expert discovery, expert discovery, non-dispositive motions and dispositive motions. (Doc. 41 at7) By this time, the Fed. R. Civ. P. 30(b)(6) deposition of Walter Mortensen Insurance Agency had occurred. *Id*. at 4. Notably, the stipulation of counsel at that time did not mention the possibility of amendment of the counterclaim.

### III. Discussion and Analysis

#### A. Good cause under Rule 16

Counterplaintiffs seek leave to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 42) However, as noted above, the scheduling order set forth a pleading amendment deadline of August 1, 2014. (Doc. 25 at 2.) The current motion was not filed until January 15, 2015. (Doc. 42) Thus, Plaintiff is required to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause be established for modification of the scheduling order); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a

>grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.'

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

>(1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

The Court agrees that once counterplaintiffs learned of the possibility that Peerless provided coverage for the subject vehicle through JSA, they acted diligently toward discovering this topic. Moreover, thought there may have been reason for the Rojas parties to know that JSA was an owner of the vehicle while the state court action was ongoing, they did not have reason to conduct discovery on the topic.[6] Though there is no explanation why the deposition of Walter Mortensen was delayed for five months after the beginning of discovery, it does not appear that the Rojas parties had any reason to know that this deposition would yield information as to any party other than Nationwide. Though it is a close call, the Court will find good cause exists to allow the motion to be heard out of time.

**B.     Leave to Amend under Rule 15**

Under Rule 15, granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and

---

[6] At the hearing, counsel for Nationwide indicated that the PMK deponent for HFS in the state court action testified about the transfer of the pickup from HFS to JSA. However, counsel for the Rojas parties clarified that given HFS had admitted ownership of the truck at the time of the sale to Vicente, the need to conduct discovery into the sale to JSA was not implicated.

5

provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

Leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). Consequently, under Rule 15(a), there are several factors a court may consider in deciding whether to grant leave to amend a complaint: (1) whether the plaintiff has previously amended his compliant, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

### 1. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, the Rojas parties previously amended their counterclaim. Therefore, this factor weighs against amendment.

### 2. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey,* 481 F.2d at 1191; *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers whether "permitting an amendment would . . . produce an undue delay in the litigation." *Jackson*, 902 F.2d at 1387. Here, as noted above, there is no explanation as to why the Walter Mortensen deposition was delayed, there is no evidence to support that the Rojas parties had any

reason to know this deposition would bear on the liability of any party other than Nationwide

On the other hand, though discovery has nearly concluded, the pleading amendment would cause a delay in the action. Having not been a party to the state court action nor a participant in these proceedings, the additional defendant would need an opportunity to conduct its discovery. As a result, discovery would need to be reopened and, it is likely, delay of a significant time would ensue. Thus, this factor weighs against granting Plaintiff leave to amend.

### 3. Bad faith

There is no evidence before the Court suggesting the Rojas parties acted in bad faith in seeking amendment. Therefore, this factor does not weigh against amendment.

### 4. Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Futility may be found where added claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846.

The second amended counterclaim fails to set forth a sufficient factual basis to impose liability on Peerless. (Doc. 42-1)  First, as to Peerless, they allege only, "Peerless Insurance Company has breached the terms of the Policies by failing to provide benefits to counterclaimants, as *assignees of the insured,* under the Policies" and " Counterclaimants are assignees of the insured under the Policies." *Id*. at 19, 20. So while they *conclude* they are Garay's assignee as to the Peerless policy, they do not provide factual allegations to support this conclusion.[7]  Clearly, the Rojas parties would be claimants on the policy given their judgment against Garay in the underlying state court action and, indeed, counsel described them as judgment creditors. Whether this entitles them to a declaration of rights is not clear. Thus, the cause of action is not clearly futile.

Second, the Rojas parties fail to set forth factual allegations that Garay tendered his defense

---

[7] This stands in stark contrast to the factual allegations related to the assignment by Garay of his claims against Nationwide. Id. at 16 ["In July 2013, Gerardo Garay assigned his assignable rights in the two nationwide policies to" the Rojas parties.]

7

and sought indemnity from Peerless.[8] To the contrary, the facts alleged made clear that tender did not and could not have occurred given that the policy was not discovered until October 2015. (Doc. 42 at 10) However, they assert that Walter Mortensen submitted the claim sometime around August 2014 and Peerless has not agreed to indemnify Garay. Once again, if they are not Garay's assignees, it does not appear that a breach of contract action may be pursued by the Rojas parties. However, even as Garay's judgment creditors, it is not clear that they may pursue a breach of contract action. A proposed amended complaint is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Though the proposed second amended counterclaim is vulnerable to a motion to dismiss, it is not assured that neither cause of action could survive. Thus, it is not certain that the proposed second amended counterclaim is futile.[9]

On the other hand, though the Rojas parties argue that Peerless is a necessary party, the Court disagrees. Under Federal Rules of Civil Procedure 19, a party must be joined in the action if, in the party's absence, complete relief cannot be provided the parties. Likewise, the party must be joined if the new party claims an interest in the subject matter of the litigation and resolving the case without the party would impair or impede that interest or it would impose a substantial risk that an existing party may suffer "double, multiple or inconsistent obligations" due to the party's absence.

Here, Nationwide's claim is based upon its position that HFS did not own the truck at the time of the collision and it seeks a declaration that it had no obligation to defend or indemnify Garay and, as a result, no liability to the Rojas parties. Likewise, the counterclaim as currently formulated, claims breach of the implied covenant and breach of contract for failing to defend and indemnify Garay. Adding Peerless to this litigation would not impact resolution of these issues and work no prejudice to any party if Peerless is not added.

### 5. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the

---

[8] Under California law, tender is a prerequisite to the duty to defend or indemnify. *Crawford v. Weather Shield Mfg. Inc.*, 44 Cal.4th 541, 547 (2008).

[9] The Rojas parties will immediately circulate a new version of the proposed second amended complaint to Nationwide that adds allegations to clarify their right to proceed on the second and third causes of action.

opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Nationwide claims no prejudice caused by the amendment. To the contrary, it has agreed with the filing of the amended pleading and has filed a statement of non-opposition to the motion. (Doc. 43) Thus, this factor does not weigh against amendment.

## IV.     Conclusion and Order

Though allowing the amendment will delay the resolution of this matter significantly analysis of the above factors indicates that it should be allowed in order to preserve judicial resources by determining, in one action, the respective duties and obligations of all of those interested. Thus, the Court **ORDERS**:

1. The motion to file a second amended counterclaim (Doc. 42) is **GRANTED**;

2. **No later than March 9, 2015**, the Rojas parties SHALL file their second amended counterclaim;

3. To allow Peerless to be served and to respond, the case schedule is STAYED. The Court sets a status conference on **May 4, 2015** at 9:00 a.m. The parties SHALL file a joint status conference statement no later than April 27, 2015.

IT IS SO ORDERED.

Dated:    **February 23, 2015**             /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE

9