UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>GERARDO ALANN FELIX GARAY; MARY GARCIA ROJAS; CYNTHIA ANN ROJAS; CHRISTINA MONTECINO; GABRIEL ROJAS; ANITA ROJAS, individually and as Guardian ad Litem for BRANNON JONAH CLAYTON; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 1:14-CV-00138-AWI-JLT<br><br>ORDER ENTERING STIPULATED JUDGMENT IN FAVOR OF NATIONWIDE AGRIBUSINESS INSURANCE COMPANY |
| MARY GARCIA ROJAS; CYNTHIA ANN ROJAS; CHRISTINA MONTECINO; GABRIEL ROJAS; and ANITA ROJAS,<br><br>Counterclaimants,<br>v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY; PEERLESS INSURANCE COMPANY; GOLDEN EAGLE INSURANCE CORPORATION<br><br>Counterdefendants. | |

Plaintiff/Counterdefendant Nationwide Agribusiness Insurance Company ("Nationwide"), Defendant Gerardo Alann Felix Garay, and Defendants/Counterclaimants Mary Garcia Rojas, Cynthia Ann Rojas, Christina Montecino, Gabriel Rojas, and Anita Rojas, individually and as Guardian ad Litem for Defendant Brannon Jonah Clayton, have stipulated to entry of judgment in favor of Nationwide.

In light of the Court's order dated February 22, 2016, denying Defendants' motion for partial summary judgment against Nationwide, Doc. 76, the parties to the stipulation have agreed that the Court should enter judgment pursuant to the terms outlined below, subject to the right to appeal.

## I. Procedural History of the Pleadings.

1. On January 31, 2014, Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") filed a complaint against Mary Garcia Rojas, Cynthia Ann Rojas, Christina Montecino, Gabriel Rojas, and Anita Rojas, individually and as Guardian ad Litem for Brannon Jonah Clayton (all of whom are referred to herein collectively as the "Rojas Defendants"), and Gerardo Alann Felix Garay. Doc. 1.

2. Nationwide's Complaint sought declaratory relief against the Rojas Defendants and Garay with respect to its rights under two different insurance policies: **(A)** the "Commercial Auto" insurance policy that Nationwide issued to HFS Enterprises Inc. ("HFS"), policy no. CA 119496A, for the policy period of May 25, 2011 to May 25, 2012; and **(B)** the "Commercial Umbrella Policy," policy no. CU 119496A, that Nationwide issued to HFS for the policy period of May 25, 2011 to May 25, 2012. Both of these insurance policies are hereinafter referred to as the "Nationwide Policies."

3. In short, Nationwide's Complaint sought judicial declarations that Nationwide: **(A)** did not have a duty under the Nationwide Policies to defend Defendant Gerardo Alann Felix Garay in the civil action that the Rojas Defendants had filed against HFS and Garay in the California Superior Court for the County of

Kern titled <u>Rojas, et al. v. HFS Enterprises, Inc.</u>, Case no. S-1500-CV-275244, alleging motor vehicle and general negligence causes of action against both HFS and Garay (the "Rojas Action") ; and **(B)** did not have any obligation under the Nationwide Policies to indemnify or settle the Rojas Action on Gerardo Garay's behalf.

4. On February 14, 2014, Nationwide filed a First Amended Complaint ("FAC") Doc. 5. The FAC seeks declaratory relief as to the same issues alleged in the Complaint.

5. On April 3, 2014, the Rojas Defendants answered Nationwide's FAC. Doc. 15.

6. Also on April 3, 2014, the Rojas Defendants (except for Brannon Jonah Clayton), as assignees of the rights of Defendant Gerardo Garay and as judgment creditors, filed a Counterclaim against Nationwide for breach of contract and breach of the implied covenant of good faith and fair dealing with respect to the Nationwide Policies. Doc. 16. In short, the Rojas Defendants' Counterclaim alleged that Nationwide breached the Nationwide Policies and the covenant of good faith and fair dealing by failing to settle the Rojas Action within policy limits on Defendant Garay's behalf, by failing to defend Garay in the Rojas Action, and by failing to indemnify Garay for the judgment against him in the Rojas Action.

7. On April 25, 2014, Nationwide answered the Rojas Defendants' Counterclaim. Doc. 21.

8. On May 8, 2014, Defendant Gerardo Garay answered Nationwide's FAC. Doc. 22.

9. On July 11, 2014, the Rojas Defendants filed a First Amended Answer to Nationwide's FAC and a First Amended Counterclaim against Nationwide. Docs. 30, 31.

10. On August 1, 2014, Nationwide answered the Rojas Defendants' First Amended Counterclaim.

11. On March 3, 2015, the Rojas Defendants (except for Brannon Jonah Clayton), as assignees of the rights of Defendant Gerardo Garay and as judgment creditors against Nationwide and Peerless Insurance Company, filed a Second Amended Counterclaim that alleged a new direct cause of action against Peerless Insurance Company as judgment creditors.  Doc. 49.

12. On March 24, 2015, Nationwide answered the Rojas Defendants' Second Amended Counterclaim.  Doc. 51.

13. On April 6, 2015, Peerless Insurance Company answered the Rojas Defendants' Second Amended Counterclaim.  Doc. 53.

14. On September 10, 2015, the Rojas Defendants (except for Brannon Jonah Clayton) as assignees of the rights of Defendant Gerardo Garay and as judgment creditors against Nationwide, Peerless Insurance Company, and Golden Eagle Insurance Corporation, filed a Third Amended Counterclaim that alleged an additional direct cause of action against Golden Eagle Insurance Corporation as judgment creditors.  Doc. 62.

15. On September 25, 2015, Golden Eagle Insurance Corporation answered the Rojas Defendants' Third Amended Counterclaim.  Doc. 65.

16. On September 28, 2016, Nationwide answered the Rojas Defendants' Third Amended Counterclaim.  Doc. 66.

## II. The Rojas Defendants/Counterclaimants' Motion for Partial Summary Judgment Against Nationwide.

17. On September 24, 2015, the Rojas Defendants/Counterclaimants filed a motion for partial summary judgment against Nationwide.  Doc. 64.  In short, the motion sought a determination pursuant to the terms of the Nationwide Policies that a 2001 Dodge truck, identified as having California license number 7C93594, was a covered auto owned or borrowed by HFS on October 23, 2011.

18. On October 26, 2015, Nationwide filed its Opposition to the Rojas Defendants/Counterclaimants' motion for partial summary judgment. Doc. 67.

19. On November 2, 2015, the Rojas Defendants/Counterclaimants filed their Reply to Nationwide's Opposition to their motion for partial summary judgment. Doc. 68.

20. On January 26, 2016, upon the Court's invitation to do so, Peerless Insurance Company and Golden Eagle Insurance Corporation filed a brief in response to the Rojas Defendants/Counterclaimants' motion for partial summary judgment. Doc. 73.

21. On February 2, 2016, the Rojas Defendants/Counterclaimants filed a response to the briefing that Peerless Insurance Company and Golden Eagle Insurance Corporation filed on January 26, 2016. Doc. 74.

22. On February 2, 2016, Nationwide filed a response to the briefing that Peerless Insurance Company and Golden Eagle Insurance Corporation filed on January 26, 2016. Doc. 75.

23. On February 22, 2016, the Court issued an order denying the Rojas Defendants/Counterclaimants' motion for partial summary judgment. Doc. 76. The Court's order held that the evidence that the parties submitted both in support of and in opposition to the motion indicates that HFS was not an owner or borrower of the truck on October 23, 2011.

24. The Court's order, based on the evidence submitted by the parties, held that after HFS's sale of the truck to JSA Company ("JSA") on March 26, 2010, HFS was no longer an owner of the truck. Doc. 76, p. 13. The Court held that "HFS was not, by reason of the Vehicle Code, owner of the Truck such that it was liable for operation of the vehicle by any other person. *See* Veh. Code § 5602." Doc. 76, p. 13.

25. The Court also rejected Defendants' contention that HFS was an owner of the truck after the sale to JSA. The Court held that "JSA's transfer of possession

to HFS for purposes of selling the Truck on behalf of JSA does not impact the ownership of the Truck." *Id.*

### III. Stipulation for Entry of Judgment in Nationwide's Favor.

26. The parties have stipulated that the Court's findings in the February 22, 2016 order that HFS's ownership was terminated upon the bona fide sale of the truck to JSA and HFS's compliance with Vehicle Code § 5602, and that HFS's subsequent possession and efforts to sell the truck did not impact the ownership of the truck, are determinative that there was no coverage under the Nationwide policies.

27. In light of the Court's denial of the Rojas Defendants/Counterclaimants' motion for partial summary judgment, Nationwide, the Rojas Defendants/Counterclaimants, and Defendant Gerardo Garay, have met and conferred and agreed that if Nationwide were to file a motion for summary judgment pursuant to FRCP Rule 56, the same evidence which was before the Court on the Defendants/Counterclaimants motion for partial summary judgment would be introduced in support of the motion and in opposition to such a motion. The Court's February 22, 2016 order finding that HFS was not the owner of the truck after March 26, 2010 would negate coverage and entitle Nationwide to summary judgment.

28. The Rojas Defendants/Counterclaimants, Defendant Gerardo Garay, and Nationwide have all agreed that judgment should be entered as follows:

    a. In favor of Nationwide and against all of the Rojas Defendants and Gerardo Garay with respect to each of Nationwide's claims for declaratory relief set forth in Nationwide's FAC; and

    b. In favor of Nationwide, only, and against all Counterclaimants with respect to each of the claims as alleged against Nationwide in the Third Amended Counterclaim.

    c. Counterclaimants continue to assert their claims against Counterdefendants Peerless Insurance Company and Golden Eagle Insurance Corporation.

29. Nationwide, Gerardo Garay, and the Rojas Defendants have all stipulated that final judgment may now be entered in favor of Nationwide based on the evidence submitted to the Court by the parties in support of and in opposition to the Rojas Defendants/Counterclaimants' motion for partial summary judgment, subject to the right to appeal which is expressly reserved.

30. Nationwide, Gerardo Garay, and the Rojas Defendants have further stipulated that each party shall be responsible only for their own respective costs incurred in this lawsuit.

31. Nationwide and the Rojas Defendants have stipulated that subject to the right of appeal, the Rojas Defendants shall take nothing from Nationwide with respect to their Third Amended Counterclaim against Nationwide.

32. Each party to this agreement has expressly reserved its right to appeal and/or cross-appeal this judgment and/or the Court's ruling of February 22, 2016.

///

///

///

# **ORDER**

Based on the forgoing, IT IS HEREBY ORDERED that:

1. Judgment is entered in favor of Plaintiff/Counterdefendant Nationwide Agribusiness Insurance Company and against all of the Rojas Defendants and Defendant Gerardo Garay with respect to each of Nationwide's claims for declaratory relief set forth in Nationwide's First Amended Complaint; and

2. Judgement is entered in favor of Nationwide only and against all Counterclaimants with respect to each of the claims as alleged against Nationwide in the Third Amended Counterclaim.

The Rojas Defendants/Counterclaimants shall take nothing from Nationwide with respect to their Third Amended Counterclaim.  Each party shall be responsible only for their own respective costs incurred in this lawsuit.

IT IS SO ORDERED.

Dated:  March 9, 2016

_____
SENIOR DISTRICT JUDGE