UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>GERARDO ALANN FELIX GARAY, et al.,<br><br>    Defendants.<br><br>AND RELATED CROSS-CLAIMS | Case No.: 1:14-cv-00138 - AWI - JLT<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

    Previously, the Court was notified that "Counterclaimants Mary Garcia Rojas, Cynthia Ann Rojas, Christina Montecino, Gabriel Rojas, and Anita Rojas, individually and as Guardian ad Litem for Brannon Jonah Clayton and counterdefendants Peerless Insurance Company and Golden Eagle Insurance Corporation have reached a settlement." (Doc. 105 at 2)  Accordingly, the Court directed the parties to file a stipulated request for dismissal no later than November 4, 2016.  (Doc. 106)  The parties were informed that "failure to comply with this order may result in the Court imposing sanctions, including the dismissal of the action." (*Id.* at 1, emphasis omitted.)  However, to date, the parties have failed to comply with or otherwise respond to the Court's order.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Within 14 days,** the parties are **ORDERED** to show cause why the action should not be dismissed and/or monetary sanctions imposed for their failure comply with the Court's order or, within the same time period, to file a stipulated request for dismissal.

IT IS SO ORDERED.

Dated:   **November 10, 2016**             /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE